UNITED STATES DISTRICT COURT
for the
Southern District Of Alabama

| | |
|---|---|
| GINA PACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 15-269 |
| | ) |
| MOBILE COUNTY BOARD OF | ) |
| SCHOOL COMMISSIONERS and | ) |
| CHERYL CHAPMAN, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW** the Board of School Commissioners of Mobile County, Alabama, identified as Mobile County Board of School Commissioners in the caption, (hereinafter "School Board"), and responds to Plaintiff's amended complaint as follows:

### I.   Introductory Statement, Jurisdiction and Venue

1. The School Board admits this Court has jurisdiction over this matter. All other material allegations contained in this paragraph are denied.

### II.   Parties

1. The School Board admits that the Plaintiff, Gina Pace (hereinafter "Pace") is an African-American female. The School Board admits that Pace began working for the School Board in August 2012 and was employed as a teacher at the O'Rourke Elementary School in Mobile, Alabama. The School Board admits Pace was placed on administrative leave with pay in November 2014 and later terminated on January 26, 2015.

2. Admitted.

3. The School Board admits that Cheryl Chapman, at all times relevant to this lawsuit, was the Principal of O'Rourke Elementary School. All other material allegations contained in this paragraph are denied.

### III. Factual Allegations

4. The School Board admits that Pace was placed on administrative leave with full pay on November 13, 2014. All other material allegations contained in this paragraph are denied.

5. The School Board admits that Pace was a non-tenured teacher and that she was shown a video of her dragging a student through the hall of O'Rourke Elementary School. All other material allegations contained in this paragraph are denied.

6. The School Board admits that Pace was placed on administrative leave with full pay. All other material allegations contained in this paragraph are denied.

7. The School Board admits that Pace was placed on administrative leave with full pay and was later terminated. All other material allegations contained in this paragraph are denied.

8. Denied.

9. The School Board admits that Pace was placed on administrative leave with full pay. All other material allegations contained in this paragraph are denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. The School Board admits that Plaintiff was a non-tenured teacher. All other material allegations contained in this paragraph are denied.

20. The School Board admits that Plaintiff was never formally disciplined prior to the events made the basis of this lawsuit. All other material allegations contained in this paragraph are denied.

21. Denied.

22. The School Board denies that Pace's termination was based on race or any other unlawful motive.

### IV.   Exhaustion of Administrative Remedies

23. The School Board is without sufficient information to admit or deny the allegations contained in this paragraph, therefore, the School Board demands strict proof thereof.

### V.   Causes of Action

#### Count I – Title VII Violation

Denied.

#### Count II –Violation of 42 USC 1981 – School Board

Denied.

**Count III –Violation of 42 USC 1981 – Individual Defendant**

Denied.

## VI.     Affirmative Defenses

1. Pace's complaint fails to state a claim against the School Board for which relief may be granted.

2. Pace has failed to satisfy one or more of the conditions precedent to maintain an action under Title VII of the Civil Rights Act of 1964 as amended.

3. The School Board is not liable to Pace due to immunity, including but not limited to sovereign immunity as set forth in the Eleventh Amendment of the United States Constitution.

4. The School Board is not subject to punitive damages.

5. The personnel action or actions for which Pace complains were taken for legitimate non-discriminatory reasons which were not pretextual.

6. All employment decisions made by the School Board were made on the basis and factors other than race.

7. The same employment decision would have been made by the School Board even in the absence of discriminatory motives.

8. Pace has failed to mitigate her damages.

Respectfully submitted,

/S/K. PAUL CARBO, JR.
K. PAUL CARBO, JR. (CARBK8014)
Attorney for Defendants
The Atchison Firm, P.C.
3030 Knollwood Drive
Mobile, Alabama 36693

Telephone: (251) 665-7200
Facsimile: (251) 665-7250
Email: paul.carbo@atchisonlaw.com

\* **THE DEFENDANT DEMANDS TRIAL BY JURY**

s/K. Paul Carbo, Jr.
K. Paul Carbo, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of September, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send electronic notification to all attorneys of record.

s/K. Paul Carbo, Jr.
K. Paul Carbo, Jr.